RAFAEL EUGENIO FERNÁNDEZ PÉREZ, ETC., Plaintiff and Appellant, *v.* HEIRS OF DR. EUGENIO FERNÁNDEZ GARCÍA, Defendants and Appellees.

No. 9402.  Argued December 10, 1946.—Decided January 29, 1947.

832

*Bauzá & Bauzá* for appellant. R. *Cuevas Zequeira* and *Lionel Fernández Méndez* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

This action was decided by the lower court on a motion to dismiss the complaint for insufficiency. The title given to the action was "Filiation, Appointment of a Receiver and other particulars." It was substantially alleged that Dr. Eugenio Fernández García, predecessor of defendants, while married to Carmelina Cerra, codefendant herein, had sexual intercourse with María Pérez as a result of which plaintiff was born in the city of New York, on February 1, 1933; that in April of the same year María Pérez returned with plaintiff to this country, and that Dr. Fernández García continued to defray all the necessary expenses for her support and that of her child, including his education, until the death of the presumptive father on May 27, 1946; that, since plaintiff's birth was not recorded in the city of New York, María Pérez insisted that the father should register him in the Registry of Vital Statistics of Puerto Rico; that Dr. Fernández García consented and went personally to the Registry of Vital Statistics of Santurce and registered the plaintiff, recognizing his paternity, which recognition appears under No. 869 of the District No. 164. It is further alleged:

"That the present action is brought in order to obtain judgment *ordering the defendants to give to the minor, Rafael Eugenio Fernández Pérez, his share as heir* of Dr. Eugenio Fernández García, inasmuch as all friendly and extrajudicial channels have been used to no avail; it being understood, of course, that since there was a

voluntary recognition on the part of Dr. Fernández García of his paternity over his minor child, plaintiff herein, his status as heir is definite.'' (Italics ours.)

Although it is alleged in the above-copied paragraph that the action is taken in order to obtain a judgment ordering defendants to give to the minor his share in the inheritance of Dr. Fernández García, the prayer of the complaint reads thus:

"WHEREFORE, plaintiff prays that this complaint be granted and that judgment be rendered establishing definitely the status of the minor Rafael Eugenio Fernández Pérez as a recognized natural son of Dr. Eugenio Fernández García, imposing on the defendants the payment of costs, expenses, and a reasonable amount for the payment of fees to the plaintiff's attorneys.''

The court a quo found that the complaint did not state facts sufficient to constitute a cause of action and, considering that it was not amendable, rendered judgment of dismissal. It grounded its decision on the following reasoning: It is alleged in the complaint that defendants' predecessor voluntarily recognized the plaintiff in his birth record. Notwithstanding this, it prays that judgment be rendered declaring plaintiff a recognized natural son of Dr. Fernández García. What useful purpose, the lower court asked itself, would the suit serve if plaintiff, as alleged, has already obtained what he now seeks by a decision of the court? The lower court added that in the year 1933, when the alleged recognition was made, an adulterous child could not be recognized by express prohibition of § 125 of the Civil Code and that, consequently, the alleged recognition by the father was null and void and clearly without any legal effect. The court lastly stated that if plaintiff sought to allege in the complaint that such recognition is tantamount to the voluntary act of recognition contemplated by § 2 of Act No. 229 of May 12, 1942 (Laws of 1942, p. 1296), as amended by Act No. 243 of May 12, 1945 (Laws of 1945, p. 814), such act is void

because it was carried out prior to the effective date of Act No. 243, and this statute does not operate retroactively, under our ruling in *Correa* v. *Heirs of Pizá*, 64 P.R.R. 938.

It appears from the appellant's brief that the latter relied on § 2 of Act No. 229 of May 12, 1942, as amended by Act No. 243 of May 12, 1945.[1] Plaintiff contends that, although the recognition was made in 1933, it became valid pursuant to the statutes he cites, and which, in his opinion, have a retroactive effect.

We agree with the lower court that the alleged recognition made in 1933 is not the voluntary recognition contemplated by Acts No. 229 and No. 243 above cited. In *Correa* v. *Heirs of Pizá, supra,* and *Cruz* v. *Andrini,* 66 P.R.R. 119, this court held that the effect of these acts is prospective only, and we have nothing to add to that holding. We can not agree, however, that the recognition in question is absolutely void, but merely voidable. This is so because the last paragraph of § 126 of the Civil Code provides:

"The recognition of a child not having the qualifications provided for in paragraph first of section 125[2] can be disputed by whomsoever may be affected thereby."

----

[1] Section 2, as amended by Act No. 243 of May 12, 1945, reads thus:

"Children born out of wedlock prior to the date this Act takes effect, and who lack the qualifications of natural children according to previous legislation, may be recognized for all legal purposes by the voluntary action of their parents, and in their default, by that of the persons having the right to inherit therefrom. These children will be legitimized by the subsequent marriage of the parents, to each other.

"In case the children referred to in this Section are not recognized by the voluntary action of their parents, and in default of the latter, by that of the persons having the right to inherit therefrom, said children shall be considered as natural children for the sole purpose of bearing the surname of their parents. The action for this recognition shall be prosecuted in accordance with the procedure fixed by the Civil Code of Puerto Rico for the recognition of natural children; *It being unherstood, however,* That such a recognition shall only have the scope herein expressed."

[2] Section 125 of the Civil Code in its first paragraph provides:

"Natural children are those born out of wedlock, from parents who, at the moment when such children were conceived or were born, could have intermarried with or without dispensation.

The above-copied provision is equivalent to § 138 of the Spanish Civil Code. Commenting on that Section, F. Clemente De Diego in his work *"Instituciones de Derecho Civil Español,"* vol. 2, p. 518, states:

"The action [to contest the recognition] devolves upon those who might be affected, that is, upon the children, upon the parents themselves, if they justify the cause annulling the consent, and upon the testamentary and *ab intestato heirs* in so far as they are prejudiced. The grounds for challenging the recognition are either not having the status of a natural son, or failure to comply with the conditions required for the act of recognition."

See also Castán, *Derecho Civil Español Común y Foral,* vol. 4, p. 18, and the judgment of the Supreme Court of Spain, of July 9, 1893 (73 *J. C.* 861).

It seems advisable to add here that, under the Spanish Civil Code, a recognition made under the same conditions as those of the present case, would have no legal effect whatsoever because § 130 thereof provides:

"In case the acknowledgment is made by only one of the parents, it shall be presumed that the child is a natural one if the parent acknowledging it was at the time of the conception legally competent to contract marriage."

But § 130 of the Spanish Civil Code was not adopted in this jurisdiction. Consequently, so long as the recognition made by Dr. Fernández García is not successfully challenged by those who are prejudiced, it is presumed valid for all legal purposes.

▇ We agree with the lower court that if, as alleged in the sixth paragraph of the complaint, plaintiff believes that there existed the voluntary recognition contemplated by the Acts of 1942 and 1945, *supra,* the action taken before that court to obtain judgment establishing definitely the status of the plaintiff as a recognized natural son, is academic unless we consider it as an action for a declaratory judgment. The action of filiation is likewise academic in view of the con-

clusion that we have reached as to the presumptive validity of the recognition made by Dr. Fernández García. But by a liberal interpretation of the complaint, in furtherance of justice, as required by Rule 8(f) of Civil Procedure in relation to Rule 81(b), it may be rationally concluded that the object pursued by plaintiff is to obtain the share which belongs to him, as a recognized natural son, in the inheritance of his presumptive natural father, and which defendants refuse to give him notwithstanding the extrajudicial requests which plaintiff alleges to have made to that end. It is true that the action seeking a share in the inheritance has been imperfectly set up, containing, in fact, allegations immaterial to said action which make the complaint ambiguous and unintelligible; but we have no doubt that this complaint is amendable.

For the reasons stated, the judgment of the lower court must be reversed and the case remanded for further proceedings not inconsistent with this opinion.